## THE TRUSTEES OF BROOKHAVEN *et al.* v. STRONG.

The exclusive right of fishery in tide-waters of the State may be maintained by proof of grant or prescription.

ACTION to recover damages for taking oysters from Great South Bay.

South Bay is a sheet of water about 50 miles in length, and for a long distance five miles in width, extending along the south side of Long Island. The tide ebbs and flows through its whole extent, and it is navigable for vessels; near where the oysters were taken by defendant it is very wide and deep. The plaintiffs claim the exclusive right to the oyster fisheries in the South Bay, in said town, between Huntington, East Gul and Long Point. This right is claimed under: -

1. The patent of Gov. Nicoll, first Colonial Governor of the Province of New York, to the town of Brookhaven, 1666.

2. The patent of Gov. Dougan to same town confirming the Nicoll's patent, 1686.

3. The confirmation of these patents by the legislature. Bradford's Laws, vol. 1, p. 77.

4. The patent of Governor Fletcher of the same *locus* to William Smith, 1693. Plaintiff, Smith, claims under this patent.

By a compromise between the town of Brookhaven and those claiming under the Smith patent, it was provided that the right in said waters should remain in equal partnership between them.

The defendant admitted the taking of the oysters, but alleged that the place where they were taken was within the boundaries of the town of Islip, and was the navigable waters of the State, and that defendant being a resident of Islip and of the State had good right to take said oysters, and denied plaintiffs' exclusive right of fishery in said waters.

The court ordered a verdict for the plaintiff for $1, subject to the opinion of the court at general term.

*R. Jenning* and *Henry Nicoll*, for plaintiffs.

*Smith & Stanbrough*, for defendant.

BARNARD, P. J. We are of opinion that the cases of *Gould* v. *James*, 6 Cow. 369, and *Rogers* v. *Jones*, 1 Wend. 237, so long as they remain unreversed, control this case. The patent to the town of Brookhaven covers the place in dispute, as does also it seems the patent to the ancestor of William Sidney Smith. These conflicting patents have been so adjusted between the plaintiffs that each owns one-half of the fishing rights conveyed.

The parties plaintiffs and their predecessors have been in the actual possession of the fishing rights from a period of time dating long before the formation of our State government. The title to the bay, in which these oysters were taken, was recognized as the property of Brookhaven by our State government. Laws of 1813, vol. 2, page 46. During the entire existence of our State government, the plaintiffs have been in the actual possession of the place in dispute, leasing out the right to take oysters therefrom.

The judgment should be affirmed with costs.

*Judgment affirmed.*