[Argued April 4, 1893; decided June 19, 1893.]

## QUINN *v.* GROSS.

[S. C. 33 Pac. Rep. 535.]

1. PRINCIPAL AND AGENT— LIMITATION OF ACTION.— A cause of action does not accrue in favor of a principal against an agent until the expiration of the time fixed by the terms of the agency, or a demand by the principal.

2. IDEM.— A claim by a daughter against the estate of her father for the proceeds of land sold by him seventeen years before his death, under a power of attorney appointing him her agent to sell her real property and care for the proceeds, is not barred by the statute of limitations until the statutory period after the termination of the agency, or after notification by the agent to the daughter that the proceeds of the sale were at her disposal.

3. SUFFICIENCY OF EVIDENCE— CODE, § 1134.— Where, in an action by a daughter against her father's executor to establish a rejected claim against his estate, she introduces in evidence a power of attorney from her to her father to sell certain real estate and to manage the proceeds thereof, and a deed showing such sale by him for a designated amount nearly twenty years before; and testifies herself that he had sent her only a few dollars, she has made out a sufficient case under Hill's Code, § 1134, providing that no rejected claim shall be allowed except upon competent evidence other than the testimony of the claimant.

4. PRINCIPAL AND AGENT— SUFFICIENCY OF EVIDENCE.— In an action by a principal to recover money collected by an agent, it is sufficient to show the agency, the collection of the money, and that the principal had no knowledge of this until within the statutory period of limitation; there need not have been any affirmative act of concealment by the agent, it is sufficient that the principal did not know of the collection.

Multnomah County: E. D. SHATTUCK, Judge.

This is an action brought by Mary Quinn against the Right Reverend Archbishop Gross, as executor of the last will of Terence Quinn, deceased, to establish a claim of seven thousand dollars against his estate. The record discloses

that the plaintiff is the daughter of Terence Quinn and Mary Quinn, his wife; that on March 7, 1854, Mary died intestate, leaving plaintiff her sole surviving heir; that at the time of her death she was seized of certain real property in the City of Portland, which plaintiff inherited; that plaintiff's father kept her at school in California from the time she was six years old until she became of age, and that on December 26, 1871, and soon after attaining her majority, at her father's solicitation, she executed and delivered to him a general power of attorney, which authorized him to sell and convey the real property which she had inherited from her mother, and manage the proceeds, without any restrictions whatever; that in 1874, plaintiff went from California to New York, where she remained until about September 1, 1890, when she came to Oregon; that her father, on September 15, 1873, under the said power of attorney, in consideration of seven thousand dollars, sold and conveyed her real property to W. S. Ladd; that her father died September 4, 1890, leaving a will wherein defendant was named as executor, and in which his property was devised to plaintiff, his sisters, and others. The plaintiff alleges that she was ignorant of her estate in Oregon, and relied upon her father for information, and that he, taking advantage of the confidence reposed in him by reason of their relationship, fraudulently kept her in ignorance of the condition of her property, and of his receiving any money on account of its sale, and fraudulently misinformed her concerning the facts, and that she only discovered the sale and receipt of the money by her father since his death, and hence failed to demand the same during his lifetime; that by reason of the said sale of her land and conversion of the proceeds said estate became indebted to her in the sum of seven thousand dollars; that on February 28, 1891, she duly presented her claim to the defendant for allowance and that he rejected it. The defendant for a separate answer pleaded the statute of limi-

tations, and that whatever money had been received by the testator was with the knowledge and consent of the plaintiff. The case was tried before a jury which rendered a verdict in favor of plaintiff for the amount of her claim, and from the judgment thereon the defendant appeals, and assigns as errors the failure of the court to sustain a motion for a nonsuit, the admission of certain evidence, and the giving and refusing to give certain instructions. Affirmed.

*William Foley*, and *Franklin P. Mays* (*Arthur L. Frazer* on the brief), for Appellant.

*William W. Page*, for Respondent.

MR. JUSTICE MOORE delivered the opinion of the court:

The appellant contends that the motion for a nonsuit should have been allowed, because, *first*, no case was made to prevent the statute from running; and, *second*, there was no competent evidence to establish plaintiff's claim.

1. It is a well-established principle of law that a cause of action against an agent does not accrue until demand is made: Buswell, Limitations, § 323. In *Taylor* v. *Bates*, 6 Cow. 376, it was held that an attorney was not liable to an action for money collected for another, till demand made, or directions to remit, and that he was not in default till he received orders from his principal. In *Leake* v. *Sutherland*, 25 Ark. 219, it was held that the agent was not bound to account to the principal until a time fixed by the stipulation of his agency, or a demand made by the principal. It is the duty of an attorney or agent who has collected money on account of his client or principal, to give notice within a reasonable time of the fact: Story, Agency, § 208. When the principal has received such notice he is bound to make demand for it within a resonable time; and if he omits to do so, he puts the statute in motion, and when he suffers the time which it

limits to expire without bringing suit, is concluded by his laches: *Jett* v. *Hempstead*, 25 Ark. 463. In *State* v. *Sims*, 76 Ind. 328, it was held that the principal's money in the agent's hands was, in the absence of any allegation of proof, presumed to have been lawfully collected; and that before it could be recovered from the agent a demand must have been made, which must be alleged and proved. If the money was unlawfully collected, however, no demand was necessary. A distinction seems to be made between general and special agents. If the agency be general or continuing, the statute would not commence to run until the termination of the agency; but if the agency were special, and related to special transactions, in regard to which the agent had received special authority, then the statute would begin to run from each transaction: *Hopkins* v. *Hopkins*, 53 Am. Dec. 664.

2. Applying these rules to the case at bar, it appears that the plaintiff by her power of attorney appointed her father as her agent to dispose of her property in Oregon and elsewhere, and to manage and care for the proceeds thereof. This instrument, by its terms, made the testator the general agent of the plaintiff. The agency was a continuing one, and the statute would not commence to run until it was terminated, or until the agent had notified the principal that the proceeds of the sale of her property were at her disposal, and then, if she failed to demand it within the statutory period, her right of action would be barred. The agency being general and continuing, the money received by the testator on account of the sale of plaintiff's land must, in the absence of proof of the termination of such agency, be considered as held by him for her use and benefit.

3. The record shows that before this action was commenced the plaintiff had demanded the allowance of her claim, which had been denied, and this demand she alleges and proves. Section 1134, Hill's Code, provides that no

claim which shall have been rejected shall be allowed by
any court except upon competent evidence other than the
testimony of the claimant.   The record shows that plaintiff
introduced in evidence copies of the following records:
The United States patent to her mother; her power of
attorney to her father; and the deed to W. S. Ladd.  She
then offered in evidence letters from her father to her, and
testified that since the execution of the power of attorney
he had sent her only forty-seven dollars.   When the plain-
tiff had established the agency, and the sale of her prop-
erty by the agent, she had made her case, and the burden
then shifted to the defendant to show that the agency had
been terminated more than six years prior to the com-
mencement of the action: *Jett* v. *Hempstead*, 25 Ark. 463.
The defendant having offered no testimony upon that
subject, it is clear that the plaintiff's claim was established
by competent evidence without her testimony.

4.   The instruction of the court to the jury, that "In
general, when an agent has transacted business for his
principal, especially when he has received money belong-
ing to his principal, he should make report of those facts
at the earliest convenient time to the principal, unless
there is something in the agreement between them which
excuses the agent from rendering such account; and at all
events it is the duty of the agent, when a demand is made
by the principal for an account, or for the payment of
money received by him, to respond according to the nature
of the demand; and if he fails to do so, he cannot claim
the benefit of the statute of limitations unless the conduct
of the principal may have been such as to excuse him.
But in order that the principal may be subject to the ope-
ration of the statute upon his claim, he must have had
knowledge, either by direct notice from the agent, or by
some other means, of the facts that the agent has received
money and holds it for his benefit," clearly enunciates the
law applicable to the case; and the refusal of the following

instruction,—"Before you can find for the plaintiff in this cause you must not only believe that the land was sold by Quinn as alleged, and that he kept the purchase price, but you must also believe that the plaintiff did not know of such sale as she alleged, and further, that she was prevented from getting knowledge of such sale by some wrongful act done by Terence Quinn,"—asked by the defendant, was correct. The agency being a continuing one, plaintiff had a right to expect that in case her property had been sold the proceeds were being managed by her father for her benefit.

The judgment of the court below will be AFFIRMED.

---

[Argued June 7; decided June 26; rehearing denied July 24, 1893.]