Decided 20 March, 1906.

## BULL *v.* PAYNE.

84 Pac. 697.

INSTRUCTIONS MUST BE RELEVANT TO ISSUES.

1. Requested instructions based on issues not made by the pleadings should be refused.

For instance: Plaintiff conveyed a mining claim to decedent to sell, and decedent made the sale, but failed to pay plaintiff. Subsequently plaintiff agreed to accept $300 and a farm on decedent clearing the title thereto. Before perfecting the title decedent died, and plaintiff filed a claim against the estate for $1,000

on the original agreement, which was rejected, and the issue at the trial was limited to the purchase price of the claim at the time it was conveyed. *Held,* that his right of recovery was not affected by the subsequent agreement.

EXECUTORS—CORROBORATIVE EVIDENCE UNDER SECTION 1161, B. & C. COMP.

2. The evidence presented is sufficiently corroborative of the testimony of the claimant to comply with the requirement of Section 1161, B. & C. Comp.

EXECUTORS — INSTRUCTIONS AS TO ALLOWANCE OF RECOVERY ON CLAIMANT'S OWN TESTIMONY.

3. In an action to establish a claim against a decedent, an instruction that the jury cannot rely on claimant's testimony alone, and, if he comes into court without any evidence except his own, he cannot recover, and that while he is a competent witness he cannot prevail unless he proves his case by other competent evidence, is sufficient against the objection that it admits a recovery on claimant's own testimony·

ADMISSIONS AS EVIDENCE AGAINST INTEREST.

4. In a proceeding to establish a claim against a decedent, based on a contract whereby decedent, on claimant conveying to him a mining claim, agreed to sell it and pay claimant a specified sum, evidence that subsequent to the sale decedent orally agreed to pay claimant a specified sum and to convey a farm on perfecting the title thereto was admissable as showing that decedent recognized some liability to claimant.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE HAILEY.

This is a proceeding by Benjamin Bull against P. P. Payne and another, as executors, to enforce a claim against the estate of James Lyttle, deceased. The plaintiff and Lyttle were old-time friends, and at one time had been partners, and the plaintiff filed upon a copper claim adjoining a like claim owned by Lyttle, and thereafter deeded it to Lyttle to sell with his claim for a consideration of $15,000, out of which Lyttle was to pay plaintiff $1,500; but, this sale having failed, Lyttle afterward sold the two claims for $11,000, but did not pay the plaintiff for his claim. After this sale, and before the entire purchase price had been paid to Lyttle, plaintiff and Lyttle had an understanding whereby plaintiff agreed to accept for the amount due him from Lyttle $300 cash and a certain farm which had been sold for taxes, if Lyttle would clear the title to the farm, which was then in litigation. Pending this matter Lyttle died, and the defendants were appointed executors of his estate. Plaintiff then presented his claim to the

defendants for $1,000, "amount due, being the purchase price of a copper claim known as the ——— claim, conveyed to" Lyttle by plaintiff. Defendants rejected it, and plaintiff then presented it to the county court for allowance under Section 1161, B. & C. Comp. The court disallowed it, and he then appealed to the circuit court, where a trial was had de novo before a jury, and a verdict for $1,000 was rendered in his favor, upon which was entered the judgment now appealed from by defendants. The case was submitted on briefs, under the proviso of Rule 16: 35 Or. 587, 600.                                            AFFIRMED.

For appellants there was a brief over the names of *J. H. Austin* and *H. D. Norton*.

For respondent there was a brief over the name of *Robert Glenn Smith*.

MR. JUSTICE HAILEY delivered the opinion of the court.

1. Based upon the testimony of the plaintiff regarding the agreement to accept $300 and the farm from Lyttle when the title thereto had been cleared, the defendants asked the court to limit the amount of plaintiff's recovery in this action to $300, but the instruction was refused. This action is based upon the claim presented for the purchase price of the mining claim conveyed by plaintiff to Lyttle, and not upon the subsequent agreement to accept $300 and the farm; the issue in the case being limited to the purchase price at the time the mining claim was conveyed. · The instruction was properly refused.

2. It is urged that the court erred in refusing to instruct " that the plaintiff has failed to prove his case by competent or satisfactory evidence other than the testimony of himself.* Therefore your verdict should be in favor of the defendants." The deed conveying the mining claim from plaintiff to Lyttle was in evidence. The lawyer who

---

\* NOTE—This refers to Section 1161, B. & C. Comp.          REPORTER.

drew it testified that no consideration passed at the time it was drawn, and that the claim was put in Lyttle's name so he could sell the two claims, and several other witnesses testified to conversations with Lyttle, both before and after the sale of the claim, wherein he acknowledged liability to plaintiff in the sum of $1,000 on account of the claim, all of which evidence was competent, and, if satisfactory to the jury, was sufficient corroboration of the testimony of the plaintiff, within the rule laid down in *Goltra* v. *Penland*, 45 Or. 254 (77 Pac. 129). The instruction was therefore properly refused, and the question left to the jury as the judges of the facts in the case.

3. It is contended that the court erred in giving certain instructions, on the ground that such instructions admitted the right of the plaintiff to recover on his own testimony uncorroborated. We do not so read the instructions. The court expressly stated :

"You cannot rely upon his [plaintiff's] testimony alone."
Then, again :

"If Mr. Bull came in here without any evidence whatever except his own, he could not recover in this action."

At the request of the defendants this instruction was given :

"I instruct you that, while the claimant Bull is a competent witness in this action, he cannot prevail unless he proves his case by some competent or satisfactory evidence other than the testimony of himself. His testimony may be used to corroborate other evidence in the case, but it is not sufficient in itself to establish his claim."

The contention of the defendants therefore on this point is not tenable.

4. The defendants further except to that portion of the charge wherein the court states in substance that the contract for the sale of the land was invalid and that Lyttle could not comply with the contract, and that Bull had a

right to rescind or sue for the cash or money due, on the ground that there was no evidence or issue upon which to base the instruction, and that it is against the law. This objection is based upon the theory of the defendants that plaintiff could only recover in this action upon the agreement to accept $300 and the farm, and not upon the original purchase price of the mining claim. All the testimony regarding the $300 cash and the farm was received without objection, and was admissible to show that Lyttle recognized some liability to plaintiff, and, while the issue in the case was not upon that agreement, it was proper for the court to submit the matter to the jury as having some bearing upon the real issue, and, in doing so, to explain the effect of such agreement and the rights of the parties under it. The agreement regarding the farm was not in writing and was without consideration, for the plaintiff had conveyed the mining claim long prior thereto, and did not agree to release his claim for the purchase price thereof until the title to the farm had been cleared and a deed given him. The court was therefore right in telling the jury that such agreement was invalid and that plaintiff had a right to sue for the original purchase price. There is nothing in the record to show that the agreement was binding upon either party at law or in equity.

The foregoing being the only assignments of error, the judgment of the lower court is therefore affirmed.

AFFIRMED.

---

Decided 24 July, 1906.