Argued December 10, 1918, affirmed February 11, 1919.

# GODFREY *v.* HOWES. .

(178 Pac. 388.)

**Executors and Administrators—Action Against Executrix of Agent—Burden of Proof.**

1. In action against executrix, after rejection of claim, to recover money collected by decedent as agent for plaintiff, where proof is conclusive deceased did collect as agent, burden of proof shifts, and it devolves on executrix to allege and prove deceased accounted for all moneys received as agent.

**Executors and Administrators—Claims—Recovery on Testimony Other Than Claimant's.**

2. Where fact that defendant executrix's decedent made collections for plaintiff as her agent was established by strong independent evidence other than plaintiff's, including decedent's own signature and receipts for money as plaintiff's agent, plaintiff could recover from executrix for collections unaccounted for, despite Section 1241, L. O. L., though plaintiff's claim had been rejected by executrix.

[As to statement of claims against estates of decedents, see note in 130 Am. St. Rep. 311.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

On November 30, 1914, the plaintiff, then and now a resident of New York, executed to Ensign E. Howes, then a resident of Portland, Oregon, a general power of attorney, by which, among other things, she authorized him to collect and receive in her name and as her act and deed, any notes, mortgages or other evidences of debt which were then or would thereafter become due and owing. On December 24, 1916, Howes died testate and Christina E. Howes as his surviving widow was duly appointed and qualified as executrix of his estate.

The plaintiff, contending that Howes, acting under the power of attorney, had collected, received and appropriated to his own use and benefit certain moneys which rightfully belonged to her and for which he failed to account, made and presented veri-

fied proof of her claim to Christina E. Howes as such executrix. The claim was rejected and the plaintiff brought this action to enforce payment, making all necessary allegations in her complaint, to which the defendant filed a general denial. A trial was had and the jury returned a verdict against the defendant as executrix, for the full amount of plaintiff's claim upon the first cause of action, upon which judgment was entered and from which defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. McDougal & McDougal,* with an oral argument by *Mr. E. L. McDougal.*

For respondent there was a brief over the name of *Messrs. Stone & Moulton,* with an oral argument by *Mr. William M. Stone.*

JOHNS, J.—This opinion will be as brief as the court's instructions, to which neither party took an exception.

Defendant relies upon Section 1241, L. O. L., which, among other things, provides that:

"No claim which shall have been rejected by the executor or administrator as aforesaid, shall be allowed by any court, referee, or jury except upon some competent or satisfactory evidence other than the testimony of the claimant."

—and contends that there is no "evidence other than the testimony of the claimant" that the deceased ever collected or received any money belonging to the plaintiff.

1, 2. The proof is conclusive that the deceased did collect and receive the money and that any money which he collected for the plaintiff was received by

him as her agent and attorney in fact. For that reason the burden of proof shifts and it devolves upon the defendant to allege and prove that the deceased paid over and fully accounted to the plaintiff for all moneys received by him as her attorney in fact; that is the force and effect of the decision of this court in *Quinn* v. *Gross*, 24 Or. 147 (33 Pac. 535). But there is no evidence that the deceased ever paid over or accounted to the plaintiff for any of the moneys which he collected as her agent. Again, the plaintiff does not testify that the deceased made any collections for her; she testifies only that she did not receive the proceeds of such collections and the fact that they were made by the deceased was established by other strong and independent evidence, including Howes' own signature and receipts for the money as her attorney in fact.

The judgment is affirmed.        AFFIRMED.

McBRIDE, C. J., and BEAN and HARRIS, JJ., concur.