Submitted on briefs January 11, affirmed February 8, 1927.

IN THE MATTER OF THE ESTATE OF HILDA MARIA KUKAS.

OTTO LANE *v.* WILLIAM F. JOHNSON.

(252 Pac. 947.)

**Executors and Administrators—Claimant's Testimony That Claim Against Decedent's Estate had not Been Paid Did not Require Corroboration Under Statute (Or. L., § 1241).**

1. Where corroborating testimony was sufficient as to performance of service and its reasonable value, claimant's testimony that claim against deceased employer's estate had not been paid did not have to be corroborated under Section 1241, Or. L., since payment is a defense devolving upon administrator.

**Evidence—Admissions by Sole Heir and Administrator Against His Interest Held Admissible to Prove Claim Against Estate, Where He was Only Person Interested.**

2. Where administrator was sole heir at law and the only person interested in the estate, admissions made by him against his interest regarding claim *held* admissible to prove claim against estate.

---

Executors and Administrators, 24 C. J., p. 404, n. 68 New, p. 405, n. 80.

From Columbia: JAMES A. EAKIN, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John L. Foote* and *Mr. Clarence H. Gilbert.*

For respondent there was a brief over the name of *Mr. Glen R. Metsker.*

BEAN, J.—It appears from the record that the claimant Otto Lane presented a claim to the administrator of the estate of Hiida Maria Kukas, deceased, in the sum of $3,700 for work and services performed

---

2. See 1 R. C. L. 486.

for said decedent on her farm in Columbia County,
Oregon, between July 19, 1919, and October 15, 1922,
a total of thirty-nine months, at her request, and of
the reasonable value of $100 per month, which con-
sisted of general farm work and the management and
control of the farm and personal property of the dece-
dent, and care and attention rendered her during her
last sickness. That only $200 has been paid there-
for, leaving a balance due claimant of .$3,700. The
claim was duly verified. The administrator rejected
the claim on December 2, 1922.

The claim was then presented to the County Court
for allowance. After a hearing of the matter the
probate court rendered a judgment rejecting the
claim. Thereafter an appeal from such judgment
was taken by claimant to the Circuit Court where the
cause was tried before a jury resulting in a verdict
and judgment in favor of claimant in the sum of
$3,700. Defendant appeals.

1. The administrator contends that the testimony
of the claimant was not sufficiently corroborated by
evidence other than his own, as provided by statute,
and therefore his motion for a directed verdict should
have been granted.

Section 1241, Or. L., provides, among other things,
that in such cases, no claim which shall have been
rejected by the executor or administrator shall be
allowed by any court, referee or jury, except upon
some competent or satisfactory evidence other than
the testimony of the claimant. The evidence of dece-
dent's neighbors, several of whom were witnesses for
claimant upon the trial, tended to show that the ser-
vices were performed by respondent as claimed and
that they were reasonably worth the sum of $100 per
month.

Decedent's long illness and frequent and long-continued absence from the place for treatment rendered it necessary for claimant to take complete charge of the dairy and farm, market the products and collect the proceeds, which he turned over to decedent. In addition he prepared his own meals and assisted in the care of decedent. During the fishing season he operated decedent's boat and fising gears, working very long days and turned the proceeds over to decedent. During the time of respondent's labor the dairy herd was doubled. Notwithstanding decedent's personal expenses were great she left $1,559.20 on deposit in the bank.

There was competent and satisfactory evidence of respondent's claim other than his own testimony. It is conceded by appellant that the conditions of the statute were met as to the performance of the service, and as to their reasonable value.

Appellant's motion for a directed verdict is based upon the theory, that the claimant's testimony that the claim had not been paid must be corroborated under the statute. This court has decided adversely to appellant's contention.

In *Re Banzer Estate*, 106 Or. 654, at page 658 (213 Pac. 406), three claims against the estate which had been rejected by the administratrix were involved. In regard to two of the claims those of Reath and Ferrier, each testified to his own claim for the reasonable value of work and labor performed about a mill and logging works. They were corroborated by the testimony of two witnesses, Brunk and Lemley, who said "that Reath and Ferrier labored for Banzer in the manner stated, and Brunk goes further and gives in detail the number of days each of the indi-

vidual claimants worked, and the rate per day and the number of days chargeable against them for board."

Mr. Justice BURNETT there stated: "As to the claims of the two individuals, Reath and Ferrier, this constitutes the competent or satisfactory evidence required by the Code, beside the testimony of the claimants and their claims must be allowed."

There was practically the same holding in the case of *Bull* v. *Payne,* 47 Or. 580 (84 Pac. 697), where, in an action to recover the value of a mining claim, it was held that evidence by third parties that no consideration passed at the time of the transfer by plaintiff to decedent, and that decedent acknowledged his liability was sufficient corroborating evidence under the statute. See, also, *Quinn* v. *Gross,* 24 Or. 147, 150 (33 Pac. 535), which is, in principle to the same effect. In this class of cases the matter of payment is treated as a defense devolving upon the administrator: 21 R. C. L. 119, § 131. The motion for a directed verdict in favor of the administrator was properly refused.

William F. Johnson, the administrator, the sole heir at law, of Hilda Maria Kukas, deceased, is the only person interested in the estate. Over the objection of the administrator's counsel, the claimant introduced in evidence admissions made by Wm. F. Johnson, against his interest, to the purport that immediately after the death of Johnson's mother he visited claimant, at which time he stated to claimant that his mother had told him that the claimant had not been paid for his work, and offered to turn over the farm and certain of the livestock in payment.

The appellant assigns admissions of such testimony as error. The declaration or admission of an heir to the estate when he is the only person interested

upon that side of the action, is admissible to prove a claim against the executor or administrator: 2 Jones on Evidence, p. 434, § 253.

2. The reason for the rule rejecting the admissions made by the administrator is based upon the contention that any admissions made by the administrator should not bind others interested in the estate and from whom he had no authority to make a declaration. Such reason is not present in a case where the administrator is also the sole heir at law and the only person interested in the estate.

Instructions were requested by appellant in conformity to their theory of the case, which are practically disposed of by a decision of the questions to which we have referred.

We find no error in the instructions given to the jury by the court. They fairly submitted the questions to be decided and were sufficient.

Finding no error in the record the judgment of the Circuit Court is affirmed.        AFFIRMED.