Argued September 17; modified October 13, 1931

# LITTLEP.AGE *v.* SECURITY SAVINGS & TRUST CO.

(3 P. (2d) 752)

*S. R. Diefendorf,* of Portland (L. A. Wells, of Portland, on the brief), for appellant.

*John C. Veatch,* of Portland (Joseph, Haney & Veatch, of Portland, on the brief), for respondent.

ROSSMAN, J. This is an appeal from an order of the probate department of the circuit court of Multnomah county which allowed the claim of the respondent against the estate of Joseph Philip Zirnbiebel, deceased, for "services in caring for deceased from September 3, 1924, to September 9, 1929," and decreed as the reasonable value of her services the sum of $5,000.

Section 11-504, Oregon Code 1930, provides:

"No claim which shall have been rejected by the executor or administrator, as aforesaid, shall be allowed by any court, referee or jury, except upon some competent, satisfactory evidence other than the testimony of the claimant."

The issues are: (1) whether the claimant performed services for the deceased for which the two expected that payment should be made; (2) whether the evidence in support of the claim, other than that of the claimant, is sufficiently satisfactory to meet the demands of the above section of our laws; and (3) the reasonable value of the alleged services.

This court has upon so many occasions defined the nature, character and quantity of the "competent, satisfactory evidence other than the testimony of the claimant," essential to establish a rejected claim, that it is unnecessary to undertake to do so in the course of this decision. However, we pause to observe that the reasonable value of the services may be established by the testimony of the claimant alone (*Franklin v. Northrup,* 107 Or. 537 (215 P. 494)) and since payment is an affirmative defense (*L. B. Menefee Lumber Co. v. Macdonald,* 122 Or. 579 (260 P. 444)) which the executor in

a proceeding of this character has the burden of establishing (*Godfrey v. Howes,* 91 Or. 98 (178 P. 388) and 24 C. J., Executors and Administrators, p. 859, § 2175) the claimant was not required to introduce proof of nonpayment, in the first instance, nor was she required to corroborate her proof after the executor had produced the slight proof of payment which he presented: *Estate of Kukas,* 120 Or. 542 (252 P. 947).

■ The claimant testified that during the period of time mentioned in her claim she performed services for the deceased as companion, housekeeper, and, at times, as a practical nurse. She also supplied testimony from several reputable sources in support of her claim. Since a review of this evidence would serve no purpose of a permanent value, we shall omit it and state our conclusion that the evidence in support of the claim meets the requirements of the above section of our laws and produces conviction in our minds. We are largely persuaded to this view by the fact that the trial judge, who saw the witnesses, found the above-mentioned testimony satisfactory and possessed of the required degree of cogency. The competency of the testimony is not questioned.

■ The above leaves for disposition only the issue of the reasonable value of the services performed. The claimant testified that $5,000 represented the reasonable value of her services. Opinion evidence of such character is advisory but not conclusive: *Boyd v. Grove,* 89 Or. 80 (173 P. 310), 22 C. J., Evidence, p. 728, § 823. It is our opinion that the amount of compensation allowed should be reduced to the sum of $4,000.

The order appealed from will be modified to the above extent; in all other respects it will be affirmed. Costs will be allowed to neither party.

BEAN, C. J., RAND and KELLY, JJ., concur.