Argued March 18; affirmed April 29; rehearing denied May 20, 1941

IN RE FEHL
FEHL *v.* STATE
(112 P. (2d) 1037)

Before KELLY, Chief Justice, and RAND, BELT, ROSS-MAN, BAILEY and LUSK, Associate Justices.

*Roy R. Hewitt*, of Salem, for appellant.

*George W. Neilson*, District Attorney, of Medford (Frank J. Newman, of Medford, on the brief), for respondent.

BELT, J.  On November 6, 1937, a notice of insanity was filed in the county court of Jackson county, charging that Earl H. Fehl was an insane man and unsafe to be at large.  After Fehl was taken into custody, the county judge, being directly interested and thus disqualified, certified the record, pursuant to Sec. 13-504, O. C. L. A., to the circuit court for hearing and determination.  After hearing, the circuit court found Fehl to be insane and entered an order committing him to the state hospital for the insane.  Thereupon Fehl, through his then counsel, appealed to the supreme court from such order of commitment, but this court sustained the validity of the commitment and affirmed the trial court: *In re Fehl*, 159 Or. 545, 81 P. (2d) 130, decided July 12, 1938.

After a lapse of more than two years, Fehl, through his present counsel, proceeded to prosecute an appeal previously filed to the circuit court from the same order of commitment.  From an order dismissing such appeal, he now appeals to this court.

Counsel for the appellant, in his brief, thus states the question for consideration: ''When the county judge has disqualified himself in the matter of an inquisition to determine the insanity of one accused of being insane, under the provisions of Sec. 13-504, O. C. L. A., does an appeal lie to the circuit court?''

In answer to the above question, we hold that no such appeal lies to the circuit court after the proceedings have been certified. Sec. 13-504, O. C. L. A., in so far as the same is material, provides:

''Any proceedings commenced in the county court, whether actions at law or proceedings in probate, in which the county judge is a party or directly interested, may be certified to the circuit court, in and for the

county in which the proceedings may be pending where the action at law shall be proceeded with as upon appeal from the county to the circuit court; if the matter be a matter in probate, then all the original papers and proceedings had shall be certified to the circuit court, and the judge of said court shall proceed in the manner now prescribed for the county judge, had the same remained in said court;    *    *    *."

This insanity proceeding was a matter over which the probate court had original jurisdiction: *In re Sneddon*, 74 Or. 586, 144 P. 676, and when the county judge certified such proceeding to the circuit court for hearing and determination, the county court no longer had jurisdiction. It was then vested in the circuit court: *Re Estates of Bethel, et al.*, 111 Or. 178, 209 P. 311, 226 P. 427. Appellant undoubtedly believed the circuit court had jurisdiction. Otherwise, it would have been idle to appeal therefrom to this court. Furthermore, this court would not have entertained such appeal if the circuit court did not have jurisdiction.

Notwithstanding the fact that the validity of the order of commitment has been adjudicated by this court, it is now proposed to have the circuit court review the matter. Had the circuit court entertained the appeal and, after hearing, reached a different conclusion, an anomalous situation would certainly have been created. The trial court was clearly right in dismissing the appeal.

If, in fact, Fehl has been cured and there is a restoration of his sanity, that matter can be determined in an appropriate proceeding, but certainly not in this one which again challenges the validity of the order of commitment.

The order of dismissal is affirmed.