Argued October 9, reversed December 31, 1975

YORK, aka PLACE, *Respondent, v.*
PLACE, *Appellant.*

544 P2d 572

*Gordon H. Price,* Molalla, argued the cause and filed briefs for appellant.

*Philip Hand,* Woodburn, argued the cause for respondent. On the briefs were Klein & Hjelte and Marshall C. Hjelte, Woodburn.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

The plaintiff recovered a judgment for the reasonable value of the services she rendered for Gordon Place, the decedent. The services were of the kind that a wife would furnish her husband; however, plaintiff and decedent never married. The defendant, the personal representative of the decedent, appeals.

There was no express agreement that the decedent would pay plaintiff for her services. The plaintiff contends there was an agreement implied in fact that he would pay.

The decedent was a partially disabled ex-logger. He had known plaintiff for some time. Commencing in 1965 he and plaintiff started living together on a five-acre farm in the foothills. They continued to live together until he died in 1974. There is testimony that they never married because plaintiff did not want to and other testimony that the decedent did not. Together they built a house and farmed. Plaintiff cooked and did the housework and other chores a farm wife generally does.

Plaintiff had $1,500 which she used to pay for materials for the house and for furniture and appliances. The only income of the two was the decedent's Social Security which was $150 per month in 1965 and was later increased to $200.

The parties held themselves out as a married

couple. The decedent had affection for plaintiff. There was testimony that the decedent had stated to other persons that at his death the farm would go to plaintiff.

We start with the principle, well grounded in human nature, that where one renders services for another, payment is expected. This is modified, however, by a principle equally well grounded on human experience, that payment is not expected where there is a close relationship such as that existing between spouses and between parent and child. We stated this principle and its legal application in *Wilkes v. Cornelius*, 21 Or 341, 347, 23 P 473 (1890):

"* * * The rule in such cases is that furnishing support and maintenance to a near relative will be presumed to have been done gratuitously, however valuable it may have been, and that such presumption can only be overcome by showing that payment therefor was intended and expected to be made in some manner. * * *."

In *Franklin v. Northrup*, 107 Or 537, 550, 215 P 494 (1923), we stated that the principle extended beyond relatives or spouses:

"But the implication of a promise to pay for such services does not arise where the parties are related by blood or marriage and are members of the same family and household, or where there existed between the parties a 'domestic relationship the incidents of which were essentially similar to those which are ordinarily associated with such a relationship when it exists between kinsfolk.' *Sargent v. Foland*, supra [104 Or 296, 207 P 349 (1922)]; * * *."

The plaintiff contends this second principle is not applicable because the plaintiff and decedent were not married and were not related. She construes the principle too narrowly. The basis of this principle is

that in the normal course of human affairs persons living together in a close relationship perform services for each other without expectation of payment. Payment in the usual sense is not expected because the parties mutually care for each other's needs. Also because services are performed out of a feeling of affection or a sense of obligation, not for payment.

A legal marriage creates a legal obligation of support. The principle we are considering, however, is grounded upon human experience and not a legal obligation.

■ We conclude that the relationship of the plaintiff and the decedent was such as to raise the presumption stated in the quotation from *Wilkes v. Cornelius,* supra (21 Or 347); that is, that the services were performed gratuitously.

■ We construe plaintiff's argument to be that if the presumption is invoked it is overcome by the evidence that plaintiff expected the decedent to give her title to the farm, by will or otherwise. This bare expectation is not enough to overcome the presumption. "Sometimes recovery will be denied because it is clear that the service was rendered merely with hope of a legacy." 3 Corbin, Contracts § 566, p 312 (1960).

In *In re Estate of T. A. Stoll,* 188 Or 682, 695-696, 214 P2d 345, 217 P2d 595 (1950), Mr. Justice Lusk explained the circumstances in which an expectation of legacy will support a claim for services:

"* * * It has been held in a number of cases, however, that, even if there was no express contract, nevertheless, if there was an expectation of payment on the part of the person who rendered the services, although he supposed that such compensation would be made by a provision in the will of the recipient, and if the evidence showed that the recipient recognized his obligation in

the premises by stating to others that he expected to make full compensation therefor, then, on the death of the recipient without having made payment in any manner, the person who performed the services may recover by action in *quantum meruit* against the recipient's estate. * * *."

There was no evidence in this case that plaintiff expected payment or that the decedent expected to pay for her services.

The trial court did not make any specific finding of fact that there was an implied agreement that decedent would pay plaintiff for her services. Assuming that because the trial court held for plaintiff, it necessarily found there was such an agreement, we must, nevertheless, reverse as we conclude there was no evidence to support such finding.①

Likewise, we find no evidence to support the trial court's judgment for plaintiff for $204 that plaintiff claims to have paid to a well driller for a well on the farm. The evidence is that the payments were made from Social Security benefits due the decedent and paid after his death.

Reversed.

---

① In additional authorities submitted at the time of oral argument, the defendant contends "if a man and woman live together as husband and wife knowing their relationship is meretricious, there is no implied promise to pay for services of the woman." In light of our reversal on another ground, we do not consider this contention.