Argued and submitted November 6, 1981, affirmed February 8, 1982

# LaTRACE,
*Appellant,*

*v.*

# ESTATE OF LaTRACE et al,
*Respondents.*

## (No. 6536, CA 19980)

640 P2d 703

William J. Storie, Pendleton, argued the cause for appellant. On the brief were David D. Gallaher, and Storie & Gallaher, Pendleton.

Lawrence B. Rew, Pendleton, argued the cause for respondents. With him on the brief was Corey, Byler & Rew, Pendleton.

Before Richardson, Presiding Judge, Young, Judge, and Holman, Senior Judge.*

HOLMAN, S. J.

---

* Holman, S.J., *vice* Warden, J.

## HOLMAN, S. J.

This is an action to recover from an estate the value of services rendered to decedent. Plaintiff appeals from a judgment for the estate, which was based on a directed verdict.

Decedent and plaintiff had been husband and wife but had been divorced. They continued to live together after the divorce, and for a period of years plaintiff did for decedent those things which are usually done by a housewife. Plaintiff testified that decedent requested the services and told her she would be paid. A third party testified that decedent told her that plaintiff would be paid for taking care of him. At another time, decedent told the witness that he was not going to pay plaintiff anything more, because plaintiff had received the house. In the divorce settlement, plaintiff had received a house in which decedent retained a life estate. Numerous witnesses testified to the services plaintiff rendered.

■ ■ The evidence is insufficient to comply with the provisions of ORS 115.195: ·

> "A claim that has been disallowed by the personal representative may not be allowed by any court except upon some competent, satisfactory evidence other than the testimony of the claimant."

This statute has been interpreted strictly to require that testimony other than that of the claimant must make out a *prima facie* case. *Lawrence v. Ladd,* 280 Or 181, 570 P2d 638 (1977), and cases cited therein. The testimony of the witness that decedent told her that plaintiff *would be* paid for taking care of him is insufficient to make out a *prima facie* case, because it merely expresses an intention to pay plaintiff and cannot be construed to be a statement on decedent's part that he had *agreed or promised* to pay her. In situations of this kind, no presumption of an agreement for payment arises from the performance of the services. *York v. Place,* 273 Or 947, 544 P2d 572 (1975).

The judgment of the trial court is affirmed.