Argued and submitted January 11, affirmed July 21,
reconsideration denied September 16,
petition for review denied October 5, 1982 (293 Or 635)

RICHARDSON,
*Appellant,*

*v.*

RICHARDSON et al,
*Respondents.*

(No. 80-3-399, CA A20722)

648 P2d 377

Edwin J. Welsh, Lake Oswego, argued the cause and filed the briefs for appellant.

Robert E. Nelson, Gresham, argued the cause for respondents. With him on the brief was Donald S. Richardson, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN  HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff appeals from a trial court decree denying her suit for specific performance of an alleged oral contract to make a will. We review *de novo* and affirm.

Plaintiff and decedent were married in 1974 and divorced in 1978. Plaintiff testified that, after the divorce, decedent requested that she continue to perform certain services for him that she had performed during their marriage. In return, plaintiff was to receive decedent's real and personal property upon his death. Plaintiff contends that, relying on the agreement, she performed the requested services until decedent's death.

The only evidence in the record claimed to prove an oral contract to make a will, other than the testimony of plaintiff, is found in three exhibits. Exhibit 1 is decedent's will, invalid for lack of proper attestation, in which he directed that, with the exception of an interest in a construction company, all his real and personal property be "assigned" to plaintiff. Exhibit 2 is a letter from decedent to plaintiff in which he wrote:

"Do what you want with the house. I built it for you with the stupid idea that you would want it. I would like you to spend some time in it if you could."

Exhibit 3 is a letter from decedent to his father, whom decedent named in Exhibit 1 as personal representative of his estate, requesting that he:

"Please see that [plaintiff] gets everything because I really love her very much."

Plaintiff contends, first, that proof of a will invalid for lack of proper attestation is evidence of a contract to make a will and, second, that proof that decedent wrote plaintiff a letter telling her to "Do what you want with the house * * * I built it for you * * *" and left written instructions to his father that plaintiff should receive his property is evidence of his intent to execute a contract to devise. Plaintiff argues that this evidence meets the requirements of ORS 112.270(1) (c),[1] but that, if it does not,

---

[1] ORS 112.270(1)(c) provides:

"(1) A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, executed after January 1, 1974, shall be established only by:

then her performance in reliance on the agreement takes the alleged contract out of ORS 112.270(1)(c) and the Statute of Frauds. ORS 41.580.

Defendants contend, first, that a contract to make a will may only be established by a writing signed by the decedent evidencing the contract, ORS 112.270(1)(c); second, that the writings relied on by plaintiff do not evidence the alleged contract because no reference is made in them to any contract; third, that plaintiffs' evidence failed to meet the requirements of law in order to enforce a contract to make a will; and, fourth, that plaintiff produced no competent, satisfactory evidence, other than her own testimony, to support her claim. Therefore, her claim was properly disallowed. ORS 115.195.[2]

In *LaTrace v. Est. of LaTrace,* 55 Or App 1005, 640 P2d 703 (1982), we followed *Lawrence v. Ladd,* 280 Or 181, 192, 570 P2d 638 (1977), in strictly interpreting ORS 115.195 "to require that testimony other than that of the claimant must make out a *prima facie* case." 55 Or App at 1007. To establish a *prima facie* case, plaintiff was required to produce some evidence other than her own testimony that decedent agreed or promised to devise his property to her in return for her services.

In *LaTrace,* we stated that evidence that the decedent told a third party that plaintiff "would be paid for taking care of him [was] insufficient to make out a *prima facie* case, because it merely expresse[d] an intention to pay plaintiff and cannot be construed to be a statement on decedent's part that he had *agreed or promised* to pay her." (Emphasis in original.) 55 Or App at 1007. In situations of this kind, no presumption of an agreement for payment arises from the performance of the services. *York v. Place,* 273 Or 947, 544 P2d 572 (1975).

---

"* * * * *

"(c) A writing signed by the decedent evidencing the contract."

The other provisions of ORS 112.270 are not involved here.

[2] ORS 115.195 provides:

"A claim that has been disallowed by the personal representative may not be allowed by any court except upon some competent, satisfactory evidence other than the testimony of the claimant."

The only evidence tending to prove the existence of an oral contract here, other than plaintiff's testimony, is found in exhibits 1, 2 and 3. Although arguably those exhibits evidence decedent's intent that plaintiff receive his property, they make no reference to an underlying agreement between them to devise. Therefore, the trial court correctly determined that plaintiff's claim should be disallowed. ORS 115.195.

Affirmed.