Argued and submitted October 28, 1983, affirmed April 11, 1984

## JOHNSON,
*Respondent,*

*v.*

## RANES,
*Appellant.*

## (A8102-00689; CA A26849)

680 P2d 688

Ben C. Fetherston, Jr., Portland, argued the cause for appellant. With him on the brief were Jeffrey P. Foote, and Haugh & Foote, P.C., Portland.

Jerold L. Billings, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant, decedent's personal representative, appeals from a judgment for the value of services to decedent. Plaintiff alleged that, at decedent's special request, plaintiff cared for her from 1974 until her death and that (1) the reasonable value of plaintiff's unpaid services is $25,000 and (2) the agreed value of those services is $25,000. In her answer, defendant denied plaintiff's claims and alleged affirmatively that decedent "made periodic payments to plaintiff and bequeathed to plaintiff $5,000 and an exercycle, all in full payment for plaintiff's services." Defendant also alleged that plaintiff was a volunteer. The jury returned a general verdict in favor of plaintiff for $20,000. We affirm.

In 1972, plaintiff was doing volunteer work for the elderly through the Multnomah County Family Counseling Service and met decedent. Plaintiff was not related to decedent by blood or marriage and was not a member of her family or household. Decedent was ill with multiple sclerosis. Every two weeks for two years plaintiff took her to buy groceries. Plaintiff testified that in June, 1974, decedent took her to the bank, showed her a certificate of deposit for $25,000 and told her:

"If you will take care of me for the rest of my days and see that I am properly buried, I will leave this to you."

Plaintiff testified that for the next six years she did most of decedent's shopping, yardwork and cleaning and used her own car to take decedent to most of her frequent medical appointments. Plaintiff testified that she cared for decedent after several hospitalizations every day for 12 hours a day. As decedent improved, plaintiff reduced the time spent with her to three days a week. She testified that for 15 months, until decedent's death, she fed her through a tube three times a day.

Decedent died in August, 1980. She left her estate of $240,000 principally to charity. Her will, dated April 28, 1980, also provides:

"I give, devise and bequeath the sum of $5,000.00 cash and my exercycle machine to my friend, Naomi Johnson, provided she survives me. My friend, Naomi Johnson, has cared for me. While I have paid her at various times for such care that she has provided me, I hereby make the bequest above described to her in appreciation of her friendship."

Plaintiff filed a claim for $25,000 against decedent's estate, stating:

> "I cared for decedent since 1974. Decedent promised to sign over to me her First National Bank $25,000.00 Certificate if I would promise to care for her the rest of her life and if I would promise to see that she was buried in accordance with her instructions. I did promise to and I did care for her for the remainder of her life. I did also promise to see that she was so buried. I was not paid for this except for occasional expenses. The $25,000.00 Certificate was not signed over to me. I also claim a certain diamond ring, a ruby ring and a watch with diamonds which were given to me by decedent and taken from me by the Personal Representative under the belief that these items were a part of the estate."

Defendant allowed plaintiff's claim for the ruby ring but disallowed her claim for $25,000, the diamond ring and the watch. This action followed.

■         Defendant's first two assignments of error are that the court denied her motions for "a directed verdict," first at the close of plaintiff's case and then at the close of all the evidence. She did not move for a directed verdict separately as to each claim[1] and does not assign as error any ruling on such a

---

[1] Defendant moved for a directed verdict at the close of plaintiff's case:

"[Defendant's counsel]: I would move for a directed verdict in defendant's favor. Your Honor, under Oregon law ----

"THE COURT: I don't need an argument. Just move.

"[Defendant's counsel]: I move for a directed verdict, Your Honor. I have points and authorities.

"THE COURT: That is denied.

"[Defendant's counsel]: I point to the statute in this state ----

"THE COURT: I have read the statute, Mr. Foote.

"[Defendant's counsel]: The cases make it clear that the testimony for, on contract must be testimony other than that of the claimant, and there has been no independent corroboration in any contract.

"THE COURT: I disagree with you. Bring the jury in."

Defendant also moved for a directed verdict at the close of all the evidence:

"[Defendant's counsel]: I would for the record, Your Honor, renew my motion for a directed verdict. It's not disputing the fact there was testimony by Mrs. Johnson, but the statute, in that case, Your Honor, ----

"THE COURT: I have read the statute. It talks about a contract.

"[Defendant's counsel]: No, no, the statute you are referring, I believe ORS

motion. Her third assignment is to the same effect—that the court denied her request that it instruct the jury to return "a verdict for defendant and against the plaintiff." Again, defendant did not request an instruction as to each of plaintiff's claims separately[2] and does not assign as error any ruling on such a request.

Defendant relies on ORS 115.195:

"A claim that has been disallowed by the personal representative may not be allowed by any court except upon some

112.270. I am referring to ORS 115.195 which says: 'A claim that has been disallowed by the personal representative may not be allowed by any court except upon some competent, satisfactory evidence other than the testimony of the claimant.'

"THE COURT: I think there has been a great deal of competent testimony by four people here and I listened to Mrs. Johnson's husband. Are you saying they are not competent people?

"[Defendant's counsel]: Your Honor, the *Lawrence v. Ladd,* 280 Or. [181, 570 P2d 638 (1977)

"THE COURT: You made your record. It's denied."

The record discloses, although defendant does not cite this portion of the record, that when the trial resumed the following morning, defendant renewed her motion for a directed verdict:

"[Defendant's counsel]: Secondly, Your Honor, I would like to renew my motion for a directed verdict and put on the record the support for that.

"THE COURT: You don't have to make a record of it.

"[Defendant's counsel]: Your Honor, I believe that I have an obligation to my client to make my record clear if this has to go up. I will just be very brief.

"Oregon law, statutory and case law is quite clear when there is a claim against an estate that the plaintiff must prove a prima facie case, just prove a contract by testimony other than her own. And the cases say quite clearly there has to be testimony by someone other than the plaintiff, that decedent acknowledged a contract, acknowledged the promise in this case the only testimony about this contract was Mrs. Johnson's there was a contract back in '74. There was no corroborative evidence that is clearly required by Oregon law and cases. For that reason I do once again move for a directed verdict.

"[THE COURT] That is denied."

Defendant does not point to this part of the record as showing that she was moving only against the claim of an express agreement and does not assign that ruling as error.

[2] Defendant excepted to the court's instructions as follows:

"[Defendant's counsel]: Well, first of all I except your failing to give our requested instruction No. 1 on directed verdict for the reasons ----

"THE COURT: You have done it three times. I don't think you have to overdo it."

competent, satisfactory evidence other than the testimony of the claimant."

The statute means that a claimant must establish a prima facie case with evidence other than her own testimony before the case can be submitted to the jury. *Lawrence v. Ladd,* 280 Or 181, 192, 570 P2d 638 (1977); *LaTrace v. Estate of LaTrace,* 55 Or App 1005, 640 P2d 703 (1982). The jury may then consider her testimony. *Estate of McLain,* 126 Or 456, 463, 270 P 534 (1928). As stated in *Uhler v. Harbaugh, et al,* 110 Or 609, 616, 224 P 89 (1924):

> "It does not follow, where other evidence sufficient to justify a verdict is introduced, that the testimony of the plaintiff is valueless. 'Evidence sufficent to justify a verdict' is one thing, and that which may in effect produce a verdict is another. Having laid a foundation for his recovery by producing evidence upon the strength of which a jury *may* find a verdict in his favor, the claimant may then buttress and reinforce his case by his own evidence so as to render it more probable that a jury *will* so find." (Emphasis in original.)

To establish a *prima facie* case for the reasonable value of her services plaintiff had to show: (1) that she provided decedent with valuable services; (2) that decedent requested the services or acquiesced in their receipt knowing that they were not gratuitous; (3) that there was no express contract to pay for the services; and (4) the reasonable value of the services. The first three elements have to be established by evidence apart from the testimony of plaintiff, but her testimony alone could prove the reasonable value of her services. *Littlepage v. Security S & T Co.,* 137 Or 559, 560, 3 P2d 752 (1931); *Franklin v. Northrup,* 107 Or 537, 554, 215 P 494 (1923). Moreover, because payment is a defense, plaintiff did not need to establish nonpayment as part of her *prima facie* case. *Wagner v. Savage as Adm'r,* 195 Or 128, 140, 244 P2d 161 (1952); *Littlepage v. Security S & T Co., supra,* 137 Or at 560.

Plaintiff did establish a *prima facie* case for the reasonable value of her services. There was sufficient evidence, apart from plaintiff's testimony, for the jury to find that she provided valuable services to decedent and that defendant requested or acquiesced in the services and knew that they were not gratuitous. Four of decedent's neighbors and plaintiff's husband testified in detail that plaintiff

assisted decedent over a six-year period with shopping, cleaning, transportation, feeding and nursing care.

Although decedent's will states that her bequest to plaintiff was made "in appreciation of our friendship," it acknowledges that plaintiff had cared for decedent and that decedent had paid for that care "at various times." Decedent's lawyer testified that decedent had recognized her obligation to pay plaintiff but felt that she was doing so by giving her "a few dollars here and a few dollars there." He testified that he had told plaintiff that decedent had signed a new will that contained a bequest for friendship but did not provide compensation for the care that plaintiff had given. He said that plaintiff indicated that she would continue to care for decedent but wanted a fixed salary. The lawyer testified that, three or four months later, just before decedent's death, he and plaintiff agreed that she would be paid $600 a month to serve as decedent's guardian. The jury could infer from that evidence that decedent approved of the arrangement. She died on the day the agreement was to commence. Defendant also testified that decedent accepted plaintiff's services, knowing they were not free, but that decedent felt that the payments she made to plaintiff from time to time were sufficient. Defendant testified that plaintiff's work for decedent "was first based on friendship but finally became a job." The jury could infer from the evidence, apart from plaintiff's testimony, that her services were valuable and were not rendered gratuitously but with the expectation of compensation and that the disagreement between decedent and plaintiff was over the amount that plaintiff should be paid.

Defendant asserts that ORS 115.195 also requires that the evidence, apart from plaintiff's testimony, show that decedent recognized her obligation by stating to others that she expected to make full compensation. The testimony of decedent's neighbors was that decedent was reluctant to spend money or express gratitude. It was not necessary, however, that decedent have stated that she had a duty to pay plaintiff. There was evidence apart from plaintiff's testimony from which the jury could infer that decedent acquiesced in the services that plaintiff performed and that plaintiff did not render them gratuitously but with the expectation of payment. Accordingly, the law implies a promise to pay for those

services. *In Re Estate of T. A. Stoll,* 188 Or 682, 696, 214 P2d 345, 217 P2d 595 (1950), explained:

> "[W]here one performs valuable services for another at his request, and there is no express contract to pay for such services, the law implies a promise on the part of the recipient to pay therefor what the services may reasonably be worth. The implication is said to arise from the recipient's mere acquiesence in the rendition of the services, and the claimant should be permitted to recover under such circumstances, unless the evidence shows that the services were rendered without expectation of compensation, or that there was an understanding between the parties that they should be rendered gratuitously. *In re Estate of McLain, supra,* (126 Or. 456, 459, 270 P. 534 [(1928)]); *In re McKinney's Estate,* 175 Or. 28, 36, 149 P. 2d 980, 151 P. 2d 459 [(1944)]; *Franklin v. Northrup,* 107 Or. 537, 551, 215 P. 494 [(1923)]. The question in such cases is one of fact, to be determined by the triers of the facts. *In re Swank's Estate,* 163 Or. 367, 371, 97 P. 2d 723; *Franklin v. Northrup, supra.*"

*See Cronn v. Fisher,* 245 Or 407, 416, 422 P2d 276 (1966); *Estate of McLain,* 126 Or 456, 459, 270 P 534 (1928); *see also Lawrence v. Ladd, supra,* 280 Or at 194; *Franklin v. Northrup, supra,* 107 Or at 550.

Plaintiff testified that the reasonable value of her services was $5 per hour and that decedent did not pay her on a systematic basis, but occasionally gave her a few dollars. Payment was a matter of defense, and there was evidence from which the jury could find that plaintiff was not paid in full.

■    There was no evidence, however, other than plaintiff's own testimony, from which the jury could find an express agreement between plaintiff and decedent. Plaintiff did not establish a *prima facie* case on that claim. The court, however, did not err in denying defendant's motions for "a directed verdict" or her request to instruct the jury to return "a verdict for defendant and against the plaintiff." A motion for a directed verdict "shall state the specific grounds therefor." ORCP 60. The Oregon rule is based on FRCP 50(a); *see* Merrill, *Oregon Rules of Civil Procedure: A Handbook,* 128 (1981). Although no Oregon case has interpreted this language, there is federal case authority to support the conclusion that, if there are multiple claims, a motion for a directed verdict that is general and does not address each claim

separately should be denied if there is sufficient evidence to go to the jury on any of the claims. In *Rochester Civic Theatre v. Ramsay,* 368 F 2d 748 (8th Cir 1966), the jury's general verdict found that the defendant was not liable on her charitable subscription pledge. The defendant had raised two defenses — lack of detrimental reliance and fraud. The trial court denied the plaintiff's motion for a directed verdict. On appeal, the plaintiff argued that it had established its detrimental reliance on the defendant's pledge as a matter of law and that, therefore, the defense should not have been submitted to the jury. The court held that the plaintiff's motion was correctly denied:

> "Prior to the submission of this case plaintiff merely moved for a directed verdict on the entire case. There was no request for pre-emptive or verdict directing instructions on the individual issues or objections to the submission of these issues. The question is then, did this single motion for a directed verdict on the entire case save for review the question of whether there was sufficient evidence to support the submission of the individual issue of consideration independent of any issue or issues which might support a general verdict for the defendant? We believe it did not.

> "As the name implies the request for a directed verdict is a request for a complete and general verdict in the moving party's favor. *See, O.J. Moore Grocer Co. v. Pacific Rice Mills,* 296 F. 828 (8 Cir. 1924). Consequently, a moving party is only entitled to the granting of such a motion when there is no substantial evidence which would support a contrary verdict. If there is substantial evidence on which a jury could find a verdict against the moving party on any one of multiple independent issues or counts the motion must be denied. *Clark v. McNeill,* 25 F.2d 247 (6 Cir. 1928); *Vareltzis v. Luckenbach Steamship Company,* 258 F.2d 78 (2 Cir. 1958).

> "* * * Concededly, in a case where there is but a single issue a motion for directed verdict properly preserves for review the sufficiency of the evidence to submit this issue to the jury. Likewise, when an action is based upon numerous interdependent elements, all of which must be proven in order to prevail, failure to carry the burden of proof on any one of these necessary elements will make one vulnerable to a directed verdict. However, where the litigation is made up of independent issues or counts a general motion for a directed verdict will not alone preserve for review the sufficiency of the evidence to support each independent factual issue, *Miller v.*

*New York Central Railroad Company,* 239 F.2d 10 (7 Cir. 1956).

"* * * A general motion can only go to the case in its entirety and not to the individual submissions. To preserve the individual issues in such a case the appellant must move for a pre-emptory or verdict directing instruction on each of the individual issues which he is challenging, move the challenged issue be removed from consideration of the jury, or object to the instructions on those individual issues setting forth as a reason the lack of supporting evidence or conclusiveness of the proof. * * *

"* * * It is our conclusion that the only point properly preserved on the question of the sufficiency of the evidence is that which was preserved by a motion for a general directed verdict. Since this motion goes only to the entire case, if the evidence reasonably and fairly tends to support either lack of reliance or fraud by the plaintiff the case was properly submitted to the jury and plaintiff's motion for a directed verdict was correctly overruled. No other question in this area is preserved for review by this single motion."

Here there was sufficient evidence to go to the jury on plaintiff's claim for the reasonable value of her services. Defendant's motions for a directed verdict and her request for an instruction were general and not specific as to each claim, and her first three assignments of error are likewise general and not specific as to each claim. The court did not err in denying the motions and request. Moreover, at trial defendant made no objection to the instructions that the court gave that was directed to plaintiff's claim of an express agreement and that challenged the sufficiency of the evidence to go to the jury on that claim.

■    Defendant's fourth assignment of error is that the court erred in denying her request to instruct the jury as follows:

"Plaintiff claims in her complaint that decedent requested that she care for her from 1974 to 1980 and that she and decedent agreed that the sum of $25,000 be paid to compensate plaintiff for her services. In order for plaintiff to prevail in this case, she must show: (1) that the decedent agreed or promised to pay her; (2) that she expected to be paid; and (3) that this proof comes from competent, satisfactory evidence, other than plaintiff's own testimony."

The requested instruction is not a correct statement of the law. Whether plaintiff established a *prima facie* case, apart from her own testimony, was a question for the court.

■      In her fifth assignment of error defendant contends that the court erred in denying her request to instruct the jury that plaintiff must prove that "decedent stated to persons other than the plaintiff that she agreed or promised to pay plaintiff for her services." That is also not a correct statement of the law. *See In Re Estate of T. A. Stoll, supra,* 188 Or at 696. Defendant also repeats the argument made to support her fourth assignment that we have rejected.

The sixth and seventh assignments of error challenge instructions that the court gave. Defendant did not except to those instructions at trial. ORCP 59H.

Affirmed.