Argued and submitted April 18, reversed and remanded July 6, 1994

Rolana WHEELER,
*Appellant,*

*v.*

Shirley LaVIOLETTE
and Gene C. LaViolette,
dba Jetty Fishery,
*Respondents.*

(92-2004; CA A80235)

877 P2d 665

Floyd H. Shebley argued the cause for appellant. With him on the briefs was Francesconi & Busch, P.C.

Christian K. Hooley argued the cause for respondents. With him on the brief were Robert C. Moberg and Campbell, Moberg, Canessa, Faber & Hooley, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a judgment for defendants in this personal injury action. She assigns as error the granting of their motion for a directed verdict, which was made on the ground that plaintiff did not present evidence of causation. ORCP 60. We reverse.

Our review of the evidentiary record shows that defendants own and operate a marina in Rockaway, Oregon. On January 19, 1990, plaintiff and her family visited the marina. During their visit, plaintiff's four-year-old niece wandered near the edge of the dock, and plaintiff rushed toward the child. As she did so, plaintiff fell into a hole in the dock where a plank was missing. She testified at trial that she immediately felt pain in her right knee. Approximately four hours later, she was taken to the hospital. The emergency room report admitted into evidence said:

> "Superficial abrasion over about 2 1/2 x 7 inch in dimension just above the right knee on the lateral thigh. Knee ROM is normal without instability, swelling, or redness. Some pain with internal rotation of the right knee. * * * Doubt internal injury of right knee joint. But if symptom[s] continue needs to follow up."

Because her symptoms continued, plaintiff went to Dr. Gripekoven, an orthopedist, on January 26, 1990. Gripekoven's notes, admitted into evidence, said:

> "[Plaintiff] fell last weekend while on the coast[,] reinjuring her right knee. Apparently, she was walking on a dock which gave way and she fell with a twisting type injury. * * * She has burning sensation and pain mostly under the kneecap. On exam, she has good motion of the knee. No real effusion or synovial thickening. Mild contusion laterally. * * * It appears that she has sprained her knee."

Plaintiff saw Gripekoven again on February 13, 1990, and continued to complain of pain in her right knee. When the ice treatments recommended by Gripekoven did not alleviate her pain, plaintiff sought a second opinion from Dr. Vessely on March 8, 1990. After an MRI of plaintiff's knee revealed an "extensive mid and posterior horn degenerative tear" in the medial side of her right knee, Vessely concluded that plaintiff needed orthoscopic surgery. The surgery was done on April 20, 1990.

Vessely's pretrial deposition was admitted into evidence. The following colloquy occurred between Vessely and plaintiff's attorney in the deposition:

"Q. Assume again that prior to the January 19, 1990 injury[, plaintiff] was able to ice-skate, was able to ski, and was able to ride a bike, would the January 19, 1990 knee injury be a material contributing factor to her inability to do those activities, if in fact she cannot engage in them now?

"'* * * * *

"A. Yes, it would be a contributory factor.

"Q. A material factor?

"'* * * * *

"A. If you're giving me a situation where she was able to perform these physical activities with no restrictions and then she has this episode that occurs in January of 1990 and cannot do them, I have no other opinion than the fact that it has to a be a significant contributory factor."

Plaintiff did not call Gripekoven, Vessely, or any other expert witness to testify that plaintiff's injuries were the result of her fall on defendants' dock. At the conclusion of plaintiff's case-in-chief, defendants moved for a directed verdict

"on this basis: there's absolutely no evidence, your Honor, from an expert witness, from a physician, or some other expert who would be qualified * * * that the injury the plaintiff complains of and the surgery and all the different expenses that were incurred in this case were caused by this fall."

The trial court granted the motion, stating:

"I believe the law is fairly clear that it is required that there be evidence, whether you want to call it the magic words or whatever, that the question has to be asked of an expert that to a reasonable medical probability was the surgery and the injury the result of the incident and the doctor to give that opinion and without that there is not a case that can be submitted to a jury."

■■ Under ORCP 60, the evidence is to be viewed in the light most favorable to the nonmoving party, and plaintiff is entitled to all reasonable inferences that can be drawn from the evidence. *James v. Carnation Co.*, 278 Or 65, 69, 562 P2d

1192 (1977). Relying on *Myers v. Dunscombe*, 64 Or App 722, 669 P2d 388, *rev den* 296 Or 236 (1983), and *Cleland v. Wilcox*, 273 Or 883, 543 P2d 1032 (1975), defendants argue that this is a case involving a complex medical issue that requires expert testimony to establish causation with reasonable probability. In *Myers v. Dunscombe, supra*, the plaintiff brought a dental malpractice action for nerve damage that the plaintiff allegedly suffered as the result of a negligently administered injection by the defendant's assistant. We held that a directed verdict in favor of the defendant was proper, because the plaintiff's expert was "unable to state with *any degree of certainty* whether the injury was the result of a chemical reaction * * * or the negligent administration of the injection." 64 Or App at 723. (Emphasis supplied.) In *Cleland v. Wilcox, supra*, the plaintiff sought damages for back injuries that he allegedly suffered in an automobile collision. Based on the facts that the plaintiff testified that there was no "immediate appearance of symptoms" after the accident, and that he did not seek medical care until approximately four weeks after the accident, the Supreme Court held that, without expert testimony as to causation, the trial court properly granted defendant's motion for nonsuit. 273 Or at 887.

The holdings in those cases are not controlling here. Plaintiff testified that she suffered pain in her knee immediately after the fall. She sought medical care within four hours of the fall, and the emergency room report contains evidence that plaintiff's leg had an identifiable abrasion, which indicates that she had been injured on that day, and that plaintiff reported pain when the physician rotated her knee. From plaintiff's testimony and the medical reports, a jury could reasonably infer, that when she fell through the dock, it caused her knee to be injured to some extent.

Under ORCP 60, a motion for a directed verdict as to the entire claim would be appropriate only if there was no evidence that plaintiff's fall resulted in any cognizable injury. It may be that there was insufficient evidence to support an award of damages arising from the surgery, but that does not entitle defendants to a directed verdict on the entire claim. *See Johnson v. Ranes*, 67 Or App 667, 675, 680 P2d 688 (1984).

Reversed and remanded.