Argued and submitted September 16, reversed and remanded for a new trial on
noneconomic damages December 3, 2014

Washie OUMA,
*Plaintiff-Appellant,*

*v.*

Cody Douglas SKIPTON,
*Defendant-Respondent.*

Washington County Circuit Court
C111814CV; A151739

341 P3d 124

Marianne Dugan argued the cause and filed the briefs
for appellant.

Nik T. Chourey argued the cause and filed the brief for
respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge,
and Wollheim, Senior Judge.

LAGESEN, J.

## LAGESEN, J.

This case arises out of an automobile accident. Plaintiff sued defendant for negligence, and defendant admitted liability. The case was tried on the issue of damages, and the trial court ultimately directed a verdict for defendant on both economic and noneconomic damages. The issue on appeal is whether the trial court erred in directing a verdict for defendant on noneconomic damages; in particular, the issue is whether the trial court erred in directing the verdict on noneconomic damages on the ground that plaintiff failed to establish causation because plaintiff did not present medical evidence showing that the automobile accident caused any of plaintiff's alleged injuries. We conclude that the trial court erred and, accordingly, reverse.

Defendant's pickup truck ran into plaintiff's car while plaintiff was stopped at a stoplight. Plaintiff sued defendant, alleging that the collision resulted from defendant's negligence and caused plaintiff to suffer "physical pain, anguish, and suffering," along with fractures to his teeth and a lengthy catalog of other temporary and permanent injuries. Plaintiff further alleged that he had incurred $55,000 in economic damages and noneconomic damages in an amount "not to exceed the sum of $100,000.00" as a result of those injuries.

As noted, defendant admitted liability. As a result, the focus of trial was plaintiff's alleged damages. In support of his case, plaintiff testified, among other things:

> "When I was hit I realized I was forced from the road. The impact forced my vehicle from the road, and—and the damage was quite severe. I didn't—I have no recollection what kind of pain I was feeling that time, but later on, maybe after a few minutes I noticed that—that I was in very serious pain. I realized that I had a fracture in my tooth. I realized that—that I can't move. I couldn't move my shoulder very well. I realized all kinds of pain."

Plaintiff attempted to introduce testimony from his treating chiropractor to prove that he had sustained, beyond just immediate pain and suffering, a number of the specific

injuries that the complaint alleged were caused by the accident. The trial court ultimately struck that testimony in its entirety, on the ground that the chiropractor never testified that, in his opinion, to a reasonable degree of medical certainty, the injuries for which he treated plaintiff were caused by the collision.

At the close of plaintiff's case, defendant moved for a directed verdict on economic damages on the ground that plaintiff had presented no evidence that the accident had caused him any economic loss. The trial court granted the motion. Later, at the close of defendant's case, defendant moved for a directed verdict on noneconomic damages. Defendant argued that plaintiff had failed to present legally sufficient evidence that the collision had caused any injuries, because plaintiff had not introduced medical testimony on causation, and that, therefore, plaintiff could not recover any damages for pain and suffering. The trial court granted that motion on the ground that plaintiff had not presented sufficient evidence of causation: "There's no diagnosis, or no doctors. You didn't call any of your treating physicians and get them to testify about the causal connection." Based on those rulings, the trial court entered a general judgment in favor of defendant. Plaintiff timely appealed; on appeal, plaintiff assigns error to the trial court's decision to direct the verdict for defendant on noneconomic damages, as well as to the trial court's decision to strike the testimony of plaintiff's treating chiropractor. Plaintiff does not contest the court's decision to enter a directed verdict as to economic damages.

On review of a trial court's grant of a directed verdict, we view the evidence in the light most favorable to the nonmoving party (in this case, plaintiff), giving that party all reasonable inferences that can be drawn from that evidence, to determine whether there is any evidence in the record that would permit a reasonable juror to find that the collision caused an injury to plaintiff.[1] *Wheeler v. LaViolette,*

---

[1] Defendant argues that plaintiff did not preserve his claim that the trial court erred by directing a verdict for defendant on the issue of noneconomic damages. Based on our review of the record, we disagree. Although plaintiff did not specifically point to his own testimony as some evidence of noneconomic damages in response to defendant's motion for a directed verdict, the trial court's colloquy in ruling on the motion indicates that the court had not overlooked plaintiff's

129 Or App 57, 60-61, 877 P2d 665 (1994). "Under ORCP 60, a motion for a directed verdict as to the entire claim would be appropriate only if there was no evidence that" the collision "resulted in any cognizable injury" to plaintiff. *Id.* at 61.

Here, the record contained evidence that would permit a reasonable factfinder to find that the collision caused a cognizable injury to plaintiff. Specifically, plaintiff's testimony that he "realized that [he] had a fracture in [his] tooth" immediately after the collision would permit the finding that the accident caused plaintiff to suffer a broken tooth. Contrary to the trial court's conclusion, that injury is not a complicated one that required plaintiff to present expert medical testimony in order to establish causation. *See Uris v. Compensation Department*, 247 Or 420, 426, 427 P2d 753 (1967). Plaintiff is competent to testify as to whether or not his tooth was broken after the accident, and resolution of the question of whether the collision broke his tooth does not turn "upon some fact beyond the ken of laymen," so as to require expert medical testimony. *Id.* at 424-25, 427 (internal quotation marks omitted); *see also Wheeler*, 129 Or App at 61 (medical testimony was not required to establish that a fall resulted in a knee injury where the plaintiff testified that she suffered pain in her knee immediately after the fall and sought treatment for the injury the same day, and medical reports indicated that the plaintiff had an abrasion on her knee and reported to the doctor that her knee hurt). Although we agree with the trial court's conclusion that plaintiff necessarily would have had to introduce expert medical testimony in order to establish causation with respect to the other injuries alleged in the complaint, we previously have held that a defendant is not entitled to a directed verdict on an entire claim where there is sufficient evidence to permit a finding that the defendant's conduct caused some part of the injuries alleged. *Wheeler,* 129 Or App at 61. Again, a directed verdict on the entire claim is appropriate only when there is no evidence sufficient to support a finding that the defendant's conduct resulted in some injury to the plaintiff. *Id.*

---

testimony regarding his injuries but had, instead, deemed that testimony insufficient to prove noneconomic damages.

At oral argument, defendant acknowledged that a broken tooth ordinarily would be the type of injury that is simple enough to permit a finding of causation without expert medical testimony. Defendant nonetheless contends that, under the circumstances presented in this case—where the alleged tooth injury is just one item on an extensive list of injuries that plaintiff alleges were caused by the collision—expert medical testimony on causation is required under our decision in *Pinkerton v. Tri-Met*, 203 Or App 525, 125 P3d 840 (2005).

We disagree that our decision in *Pinkerton* establishes that plaintiff was required to present medical evidence as to the causation of his tooth injury here. In *Pinkerton*, a bus operated by the defendant accelerated into the plaintiff, "spinning him back on his right leg." 203 Or App at 528. The plaintiff subsequently sued the defendant, alleging that the collision had caused him to suffer a meniscal tear in his right knee, a "sprained strain" in that knee, and other ailments, including pain in his arms, knees, and joints; weakness; and emotional stress. *Id.* at 528-29. At trial, the plaintiff did not present any expert medical testimony as to whether the accident caused his alleged ailments, although there was evidence that the plaintiff had suffered knee problems before the accident, and also suffered from AIDS and AIDS-related ailments, including pain, back problems, joint disease, nerve injury, and other conditions. *Id.* at 527-28, 532. The defendant moved for a directed verdict on the ground that the lack of medical evidence meant that there was insufficient evidence of causation. *Id.* at 529. The trial court granted the motion in part, ruling that, without medical testimony, there was insufficient evidence that the accident caused the meniscal tear. *Id.* The court denied the motion as to the "sprained strain" to the knee and other claimed injuries, and the jury rendered a verdict in favor of the plaintiff. *Id.*

On appeal, we reversed. We reasoned that, in light of (1) the plaintiff's complex medical history, which included a history of knee problems as well as generalized pain; and (2) the close connection between the alleged meniscal tear and the alleged knee strain and other injuries, a layperson

would not be able to "draw the line" between what injuries were caused by the defendant and what injuries resulted from the plaintiff's prior condition or some other source without the assistance of medical testimony. *Id.* at 532-34.

This case is distinguishable from *Pinkerton* in two respects. First, the record does not contain evidence of other potential causes of plaintiff's broken tooth or that plaintiff otherwise suffered from broken teeth. *See Uris*, 247 Or at 426 (noting that expert testimony may not be needed when a plaintiff is "free from any disability of the kind involved"). Although there was evidence that plaintiff was in a prior automobile accident, there was no evidence that plaintiff claimed to have suffered tooth injuries in that accident. Second, although, as in *Pinkerton*, plaintiff alleged the tooth injury as part of a set of injuries—most of which would require expert medical testimony to establish causation—on the record created in the trial court, the tooth injury was not so similar to the other injuries claimed by plaintiff[2] that the jury would have required the assistance of expert medical testimony to separate the injury to plaintiff's tooth from the other injuries that he was claiming. *See Uris*, 247 Or at 424 (suggesting that expert testimony may not be needed to establish causation when the alleged injury is "not connected" with other injuries that a plaintiff claims to suffer). In our view, on the record presented here, plaintiff's claimed broken tooth was a discrete injury that an appropriately instructed jury would have no difficulty differentiating from the other claimed injuries in assessing whether or not to credit plaintiff's testimony that the collision broke his tooth. Accordingly, the trial court erred by directing a verdict for defendant on noneconomic damages on the ground that plaintiff failed to present sufficient evidence that the collision caused an injury to plaintiff.

In light of our conclusion that the trial court erred by granting the directed verdict on noneconomic damages,

---

[2] Plaintiff alleged that the accident caused the following injuries: two types of headaches, four types of cervical injuries, three types of thoracic injuries, four types of lumbar injuries, shoulder/arm sprain, wrist sprain, sacral sprain, ankle and foot joint pain, increased susceptibility to future injury and degenerative conditions, and aggravation of preexisting conditions, as well as "dental fractures to teeth #18 and #19."

we do not address plaintiff's claim that the court erred by striking the treating chiropractor's testimony.[3]

Reversed and remanded for a new trial on noneconomic damages.

---

[3] Plaintiff does not argue in his brief that the stricken testimony was relevant to plaintiff's claim for economic damages, or contend that a conclusion that the trial court erred in striking the chiropractor's testimony would require us to reverse the court's decision to direct a verdict on economic damages. Instead, plaintiff explicitly states in his brief that he is not challenging on appeal the trial court's decision to direct a verdict on economic damages.